# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEDDO COAL CO.,** | : | Civil. No. 3:16-CV-621 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **RIO TINTO PROCUREMENT** | : | |
| **(SINGAPORE) PTD LTD., et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

This litigation arises from the defendant's alleged breach of their obligations to purchase coal from the plaintiff pursuant to a long-term supply agreement.[1] (Doc. 73.) According to the plaintiff, Jeddo Coal Company, the parties' agreement obligated the defendant, Rio Tinto, to purchase coal from Jeddo in annual quantities and at defined prices. The original complaint alleges that Rio Tinto anticipatorily breached its purchase obligations for the year 2016.

Now pending before the Court is Jeddo's motion to amend the original complaint to include additional allegations to show that Rio Tinto did breach its 2016

---

[1] There are several defendants in this case, all of which are related Rio Tinto entities, and for simplicity they shall be referred to singularly as "Rio Tinto" in this memorandum.

purchase obligations, and breached its purchase obligations for the years 2017 and 2018. The proposed amendment seeks to revise Jeddo's damages claims to reflect Rio Tinto's alleged breaches of the purchase agreement in 2016, 2017, and 2018, provides allegations regarding market prices of coal relevant to calculating damages, drops claims against one defendant, and makes minor textual revisions to reflect proper tense given the passage of time.

Rio Tinto opposes the motion, arguing that the deadline for amending pleadings expired in early 2018, and this deadline was not extended by the Court when it later adjusted other case-management deadlines. Accordingly, Rio Tinto argues that Jeddo errs in seeking permission to amend the complaint under the permissive standards prescribed by Rule 15 of the Federal Rules of Civil Procedure. Instead, Rio Tinto contends that Jeddo's motion should be governed by the more restrictive standards applicable under Rule 16, which provides that a pre-trial schedule set by court order may subsequently be modified only upon a showing of good cause, which Rio Tinto maintains is absent here.

Upon consideration of Jeddo's motion, the Court agrees with Rio Tinto that because the deadline for amending pleadings was not explicitly adjusted in the most recent amendment to the case-management order, Rule 16 governs whether to allow amendment after the deadline has expired. Nevertheless, the Court also finds that whether this matter is governed by Rule 15 or Rule 16 is ultimately of no moment,

2

because Jeddo has demonstrated good cause to permit amendment, particularly in the procedural context of this case, where the litigation has been suspended during two separate periods when the parties were seeking to resolve this commercial dispute through settlement or mediation proceedings, and where other delays have plagued the pace of discovery. Because we find that Jeddo has demonstrated good cause, and because we do not perceive any particular prejudice to Rio Tinto, which can hardly claim surprise at the proposed amendments to the complaint, Jeddo's motion will be granted and the proposed amended complaint will be docketed.

## II.  **PROCEDURAL HISTORY**

Jeddo initiated this litigation on April 14, 2016, by filing a complaint. (Doc. 1.) Rio Tinto moved to dismiss, arguing that Jeddo's contract claims were not ripe because the year 2016 had not passed. (Docs. 14, 18.) In March 2017, the court denied Rio Tinto's motion, with the exception of the dismissal of claims against Quebec Metal Powders, Ltd., which had merged into one of the other defendants. (Doc. 31.) Rio Tinto answered the complaint and asserted a defense against enforcement of the liquidated damages provision provided for in the purchase agreement, arguing that it constitutes an unenforceable penalty. (Doc. 34.)

It appears that after this time, the parties engaged in some limited discovery, but little progress was made on the litigation because the parties committed substantial energy towards trying to resolve the case through mediation. Toward

that end, the parties suspended active litigation while they turned their attention to the mediation process, which was ultimately unsuccessful. (Docs. 36, 37.) Then, when the case resumed, the parties found themselves entangled in discovery disputes that necessitated court assistance to resolve. Litigation was also delayed while the parties returned to mediation proceedings in the summer of 2018, during which time discovery was stayed.

In August 2018, the parties advised the Court that the second round of mediation had proven unsuccessful, and the parties requested entry of a new case-management order, which issued on August 24, 2018. (Doc. 71.) That order, which was built around proposed deadlines that the parties provided, set the end of fact discovery for November 30, 2018, and a dispositive motions deadline of April 15, 2019. The revised case management order did not provide for a new deadline to amend pleadings, and thus the prior case management order's deadline of March 9, 2018, remained the controlling date. (Doc. 48.)

### III. LEGAL STANDARD

When a party moves for leave to file an amended complaint after "the scheduling deadline has elapsed, the court must analyze the request under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure." Williams v. City of York, Civ. No. 1:15-CV-0493, 2016 U.S. Dist. LEXIS 60127, at *7 (M.D. Pa. May 6, 2016) (quoting Heath v. Martin, Civ. No. 04-cv-2275, 2013 U.S. Dist. LEXIS

4

99906, 2013 WL 3776412, *6 (M.D. Pa. July 17, 2013)). Rule 16 provides "district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery." Eichorn v. AT&T Corp., 484 F.3d 644, 650 (3d Cir. 2007). Nevertheless, by its terms the rule provides that schedules may be modified after a deadline has expired "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

To meet the "good cause" standard, a party seeking relief ordinarily must show that the court's schedule could not have been "reasonably . . . met despite the diligence of the party seeking the extension." Id., advisory committee notes to the 1983 amendment. "[A] party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007); see also Pulchalski v. Franklin County, 2016 U.S. Dist. LEXIS 46221, at *5 (M.D. Pa. April 6, 2016) ("After a pleading deadline has passed, the Third Circuit requires a showing of good cause in order to amend. . . . Under this standard, 'good cause' exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension.").

Rule 15(a), in turn, embraces the liberal underpinnings of the Federal Rules of Civil Procedure, and provides that leave to amend pleadings may be granted with leave of court or with the opposing party's written consent. Fed. R. Civ. P. 15(a);

see also Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). Under this standard, although a decision to grant a motion for leave to amend is committed to the discretion of the district court, Foman v. Davis, 371 U.S. 178, 182 (1962), courts should freely grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, under Rule 15 leave should be denied only when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Diaz v. Palakovich, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

Although the plaintiff characterizes the revisions to the original complaint as "amendments," under the rules at least some of the proposed changes – namely, to include allegations that Rio Tinto continued to breach its obligations under the purchase agreement in years 2017 and 2018 – are more in the nature of supplemental allegations, since they allegedly occurred during this litigation. Rule 15(d) governs supplemental complaints and provides in relevant part that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave to supplement a pleading should generally be granted unless "equitable considerations render it otherwise unjust."

Arthur, 434 F.3d at 204. Equitable considerations that may warrant denying leave to supplement include "undue delay, bad faith, and futility." Id.

## IV. DISCUSSION

Jeddo seeks leave to amend its complaint in order to:

- Allege that Rio Tinto breached its purchase obligations in 2016, 2017, and 2018;

- Set forth the contract prices for 2017 and 2018, which, because they are tied to an inflation index, could not have been known at the time the original complaint was filed;

- Adjust claimed damages in light of the additional alleged breaches;

- Expressly assert damages in the amount of contract price minus market price should Rio Tinto succeed in proving its affirmative defense that the liquidate damages clause is an unenforceable penalty;

- Remove Quebec Metal Powders, Ltd. as a defendant, and to adjust the tenses of verbs used throughout the pleading to reflect the passage of time and bring the pleading current.

Jeddo has submitted both a clean and redlined version of the proposed amended complaint along with its motion. (Docs. 73-3, 74.) Jeddo maintains that although the extant version of the case management order does not provide for a deadline to amend pleadings, past orders of the Court had fixed this deadline for a month after the close of discovery, which Jeddo maintains is sensible and allows for adjustments to be made if needed based upon what is learned during discovery. Jeddo urges the

Court to embrace a flexible standard in order to allow the amendment out of time, and notes that although many months have passed since this case was initiated, during much of that time the parties were either committing their resources towards settlement efforts or were otherwise engaged in protracted discovery disputes that caused the litigation to proceed slowly. Given the limited scope of the proposed amendments, the fact that the new claims alleged can come as no surprise to Rio Tinto, and because there is no substantial prejudice to permitting the additional claims that relate directly to the original claims, Jeddo argues that leave should be granted to amend even after the deadline for amending pleadings expired.

Rio Tinto takes a far narrower view, arguing that the touchstone for granting leave under Rule 16 is a showing that the moving party acted diligently, and Rio Tinto contends that Jeddo has not even acknowledged the application of Rule 16, much less shown that it acted diligently. To the contrary, Rio Tinto maintains that Jeddo inexplicably failed to amend the complaint in early 2018 despite being aware that Rio Tinto had not purchased coal in 2016, 2017, and for the early part of 2018. Moreover, Rio Tinto notes that Jeddo has alleged that under the purchase agreement, if Rio Tinto was going to purchase coal in a given calendar year, the purchase agreement required the parties to agree by March 1 of that year regarding a delivery schedule for the coal to be purchased. (Doc. 1, ¶¶115-118.) In essence, Rio Tinto maintains that Jeddo should have known about all of the proposed revisions to the

complaint prior to March 9, 2018, and contends that this makes this case different from one where a party learns new facts during discovery and thereafter acts promptly to make amendments to the pleadings based on those new facts. Finally, Rio Tinto argues that even if Rule 15 governed Jeddo's motion, it should nevertheless be denied because there has been undue delay and Rio Tinto will suffer prejudice if they are forced to defend against the new claims at this point.

    Although the Court appreciates Rio Tinto's legal arguments and rationale for opposing the motion, upon consideration we find that the motion should be granted under the factual and procedural circumstances of this case. Rio Tinto makes much regarding the passage of time since this case was first initiated but gives less credit to the reasons for that delay. It is not controverted that in the spring of 2017 discovery in the case was stayed pending a ruling on Rio Tinto's motion to dismiss, and that only limited discovery occurred thereafter before the case was delayed by the parties' mediation efforts before Magistrate Judge Mehalchick. It was not until sometime in early 2018 that the parties exchanged documents, and many of those documents became the subject of another discovery dispute over Rio Tinto's designation of the documents as "attorney eyes only," which impaired defense counsel's ability to talking with the documents with Jeddo representatives. That discovery dispute was not resolved until April 2018, with a ruling in Jeddo's favor. (Doc. 64.) A month later, during a conference call with the Court, the parties agreed

to attempt mediation again, and the case was again stayed. (Docs. 67, 69.) That mediation took place in July 2018, and was unsuccessful. Discovery resumed but did not resume in earnest until late in August, in part because Rio Tinto's counsel was in the process of moving to a new law firm. In late September, Jeddo requested that Rio Tinto consent to an amended complaint (Doc. 77-1), and two weeks later Rio Tinto declined to consent. (Id.) Jeddo then filed the instant motion on October 17, 2018. (Doc. 73.)

This procedural history does not reflect dilatoriness; it shows that the parties have been engaged in vigorous, if halting, litigation and that they have proceeded in a mutual good-faith effort to seek alternative means of resolving their disputes as the case has proceeded. We agree with Rio Tinto that Jeddo may have had cause to seek amendment or supplementation of its claims at an earlier date, but we do not find that Jeddo's failure to have done so now compels the denial of a motion that seeks only to clean up a complaint and to assert claims and theories of damages that can come as no surprise to Rio Tinto. It also makes little sense to require that Jeddo initiate an entirely separate lawsuit to seek relief for Rio Tinto's alleged breaches of the purchase agreement in 2017 and 2018, when those claims relate directly to the claims that were originally filed and allegedly occurred during this litigation. Furthermore, Jeddo's efforts to amend the complaint in order to provide facts relevant to the calculation of damages is a foreseeable and sensible response to Rio

Tinto's affirmative defense regarding the enforceability of the liquidated damages clause in the purchase agreement, and appears to comport with what Pennsylvania law would provide for even in the absence of amendment. See 13 Pa. Cons. Stat. Ann. § 2708 (damages of seller for nonacceptance or repudiation calculated as the difference between market price at the time and place for tender and the unpaid contract price); 13 Pa. Cons. Stat. Ann. § 2719(b) (providing that where contractual damages fail to be enforceable, remedies may be had as provided for by statute).

Rio Tinto also asserts that it will be prejudiced by the amendment of the complaint at this late date because discovery has closed in this matter. Since the proposed amendment simply conforms the loss claims to the facts in this alleged on-going breach of contract claim, we would envision that the need for additional discovery would be minimal. The facts pertaining to the alleged breach pre-date 2017 and 2018. Thus, inclusion of these additional years in the amended complaint would only be relevant to damages calculations, and any further discovery on these damages issues could be limited and contained. Therefore, any prejudice suffered by Rio Tinto through this proposed amendment could be eliminated through a specific, narrow and targeted extension of discovery deadlines.

Accordingly, considering the factors applicable to motions to amend under both Rules 15 and 16; the procedural history of this litigation and the halting discovery that the parties engaged in; the delays that attended the parties' good-faith

11

efforts to engage in mediation of two separate occasions; the fact that Jeddo acted with dispatch after Rio Tinto declined to concur in the requested amendments; and because we do not find that Rio Tinto will be unreasonably prejudiced by the proposed amendments, Jeddo's motion will be granted.

## V. ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT Jeddo's motion to amend the complaint (Doc. 73) is GRANTED.

So Ordered this 4th day of December, 2018.

s/*Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge