# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEDDO COAL CO.,** | : | Civil. No. 3:16-CV-621 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **RIO TINTO PROCUREMENT** | : | |
| **(SINGAPORE) PTD LTD., et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

This litigation arises from the defendant's alleged breach of their obligations to purchase coal from the plaintiff pursuant to a long-term supply agreement.[1] (Doc. 73.) According to the plaintiff, Jeddo Coal Company, the parties' agreement obligated the defendant, Rio Tinto, to purchase coal from Jeddo in annual quantities and at defined prices. The original complaint alleges that Rio Tinto anticipatorily breached its purchase obligations for the year 2016.

The parties are currently engaged in a discovery dispute relating to the plaintiff's efforts to acquire complete copies of Rio Tinto's coal supply contracts

---

[1] There are several defendants in this case, all of which are related Rio Tinto entities, and for simplicity they shall be referred to singularly as "Rio Tinto" in this memorandum.

with a Pennsylvania and Russian business from 2016 to the present. This dispute is outlined in the correspondence counsel have filed with the court. (Docs. 89 and 90.) Essentially Jeddo proffers that the terms of these agreements are relevant in that they may help determine the commercial reasonableness of the liquidated damages provision in its contract with Rio Tinto, and these agreements may further help set the market price of the coal for loss calculation purposes. Rio Tinto disputes the relevance of this evidence on the facts of this particular case, and further notes that the third parties in these other contracts may themselves have objections to the release of the agreements.

    In order to resolve this dispute, IT IS ORDERED as follows:

    1.    On or before **February 25, 2019**, Rio Tinto shall carefully and comprehensively review the requested agreements in light of the plaintiff's proffer of relevance, determine whether the agreements may be released in whole or in part and ascertain whether its concerns may be mitigated by a confidentiality agreement between the parties which appropriately limits the dissemination of information in these agreements.

    2.    If following this review Rio Tinto objects to the release of any portion of the agreements, it shall file a motion for protective order, a brief, and submit the agreements in redacted and unredacted forms to the court for its *in camera* review by **February 25, 2019**.

3. Rio Tinto shall forthwith notify any other parties to these agreements of this order so that they may intervene if they choose on or before **February 25, 2019**.

4. On or before **March 11, 2019** Jeddo shall respond to any motion for protective order that may be filed by Rio Tinto.

5. If the parties resolve this dispute without further assistance from the court, they shall notify the court.

So Ordered this 8th day of February 2019.

                          s/*Martin C. Carlson*
                          Martin C. Carlson
                          United States Magistrate Judge